**MACHINERY MOVERS, RIGGERS, AND MACHINERY ERECTORS UNION LOCAL 136, Plaintiff,**

v.

**GES EXPOSITION SERVICES, INC., a Nevada corporation, Defendant.**

No. 99 C 4294.

United States District Court, N.D. Illinois, Eastern Division.

July 19, 2000.

Marc M. Pekay, Christopher W. Mose, Chicago, IL, for Plaintiff.

James A. Burstein, Edward B. Miller, Joshua B. Ditelberg, Seyfarth Shaw, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Plaintiff Machinery Movers, Riggers, and Machinery Erectors Union Local 136 (Local 136) seeks to enforce the award of a Labor Management Committee issued May 27, 1999, and GES Exposition Services (GES) seeks to vacate it. GES has moved for summary judgment. That motion is denied.

GES is a trade show general contractor which provides services under contract with trade associations and other organizations that sponsor trade shows or expositions at McCormick Place. Local 136 represents riggers who, among other things, engage in tear-down work that may begin during or after normal working hours and extend until later in the evening. Local 136 filed a grievance charging that GES was obligated, and had failed, to pay double time for tear-down work after 4:30 p.m. which had commenced prior to 4:30 p.m. That grievance was heard by a Labor Management Committee, which ruled for the grievants. GES contested arbitrability and did not participate in the proceeding.

GES contends that because it contested arbitrability the Labor Management Committee had no authority to decide the grievance. Local 136, it argues, was required to go to court to seek a declaration that the dispute was subject to arbitration. If, however, an arbitrator is in place, and the parties are aware of the time and place of the arbitration, the arbitrator can proceed despite the failure of one of the parties to attend. *Toyota of Berkeley v. Automobile Salesmen's Union, Local 1095, United Food and Commercial Workers Union*, 834 F.2d 751, 754 (9th Cir.1987).

But was an arbitrator in place? The answer to that question depends on whether or not GES is bound by the provisions of the Labor Agreement for the Metropolitan Pier and Exposition Authority (MPA). The Labor Management Committee, which heard the matter, was selected pursuant to that agreement. Defendant contends that it was never a signatory to that agreement and is not, therefore, bound by it. Accordingly, it argues, the arbitrators had to be selected pursuant to the provisions of the collective bargaining agreement which GES did sign, and that selection never took place.[1] Here, however, plaintiff claims that GES, by its acceptance of the benefits of the MPA and its participation in the grievance mechanism of that agreement, has implicitly agreed to be bound by it. And that we cannot determine in this summary judgment motion (if,

---

1. We are somewhat at a loss as to why defendant wishes to base its liability on that agreement, as it appears to provide for double time, with no exceptions.

as yet to be decided, that issue should be decided by the court.)